UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
UNITED STATES OF AMERICA

-v-

Frank Rizzo,
            Defendant.
----------------------------------------------------x

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

CASE NUMBER: CR-03-1268(S)-4(FB)
NORMAN TRABULUS, ESQ.
666 OLD COUNTY ROAD, SUITE 704
GARDEN CITY, NY 11530
Defendant's Attorney & Address

**THE DEFENDANT:** Frank Rizzo
  **XX**  pleaded guilty to count THREE OF A SUPERSEDING INDICTMENT.

Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| T. 18 U.S.C. 371 | INTENTIONALLY CONSPIRE TO OPERATE AN ILLEGAL GAMBLING BUSINESS. | 3(S) |
| T. 18 U.S.C. 1955 | OPERATION OF AN ILLEGAL GAMBLING BUSINESS | 4(S) |

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
  **XX**  All open counts are dismissed on the motion of the United States.
  **XX**  It is ordered that the defendant shall pay to the United States a special assessment of $ 200.00
      which shall be due immediately :

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #_____

FEBRUARY 2, 2006
Date of Imposition of Sentence

**Defendant's Mailing Address:**
10 BRADHURST ROAD

CARMEL, N.Y. 10512

THE HONORABLE FREDERIC BLOCK
_____ February 2, 2006
Date

A TRUE COPY ATTEST
Date: 2/8/06
ROBERT C. HEINEMANN
CLERK OF COURT

By: _____
MIKE J. INNELLI
DEPUTY CLERK

**Defendant:** Frank Rizzo
**Case Number:** CR-03-1268(S)-4(FB)

## PROBATION

The defendant is hereby placed on probation for a term of <u>**TWO (2) YEARS WITH THE FOLLOWING SPECIAL CONDITIONS: (1) THE DEFENDANT SHALL COMPLY WITH THE FINE ORDERED IN THIS JUDGMENT; (2) THE DEFENDANT SHALL PARTICIPATE IN A DRUG TREATMENT PROGRAM AS DIRECTED BY THE PROBATION DEPARTMENT, AND NOT PAY THE COSTS; (3) THE DEFENDANT SHALL PARTICIPATE IN A MENTAL HEALTH TREATMENT PROGRAM AS DIRECTED BY THE PROBATION DEPARTMENT, AND NOT PAY THE COSTS, (4) THE DEFENDANT SHALL MAKE FULL FINANCIAL DISCLOSURES TO THE PROBATION DEPARTMENT, AND (5) THE DEFENDANT SHALL COMPLETE 200 HOURS OF COMMUNITY SERVICE AS DIRECTED BY THE PROBATION DEPARTMENT.**</u>

While on probation, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this Judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution. The defendant shall comply with the following additional conditions:

**Defendant:** Frank Rizzo
**Case Number:** CR-03-1268(S)-4(FB)

## FINE

The defendant shall pay a fine to the United States in the sum of $ 2,000.00. This fine shall be paid at the rate of $500.00 every six (6) months and payments shall commence one month from the date of this judgment. The fine shall be paid in full by the end of the defendants term of probation. The interest requirement is waived.

**Defendant:** Frank Rizzo
**Case Number:** CR-03-1268(S)-4(FB)

## STANDARD CONDITIONS OF SUPERVISION

**While the defendant is on probation or supervised release pursuant to this Judgment:**

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**These conditions are in addition to any other conditions imposed by this Judgment.**